10-790-cv
Garo v. FedEx Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT:
>ROBERT A. KATZMANN,
>RICHARD C. WESLEY,
>>*Circuit Judges*,
>BRIAN M. COGAN,[*]
>>*District Judge*.

---

DARIO GARO,

>*Plaintiff-Appellant*,

>>v.                                    10-790-cv

FEDEX CORPORATION,

>*Defendant-Appellee*,

---

For Plaintiff-Appellant:        Dario Garo, *pro se*, New York, NY.

For Defendant-Appellee:        Barak J. Babcock, Federal Express Corporation, Memphis, TN.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Amon, *J.*).

---

[*] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dario Garo, *pro se*, appeals the judgment of the district court granting the Defendant-Appellee Federal Express Corporation's motion for summary judgment dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Upon our review of the record, we find no error in the district court's grant of summary judgment. We have considered Garo's arguments on appeal and have found them to be without merit. For substantially the reasons stated by the magistrate judge in her thorough and well-reasoned report and recommendation, the judgement of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2